Nott, J.,
delivered the opinion of the court:
As to the first cause of action, the court is of the opinion that the communication of the Secretary must be deemed the act of the President; that the order increasing the pay of the Navy and the communication restricting the operation thereof are in. pari materia, and that the latter operates as a proviso to the former, the reading of the two being, in effect, that “ an additional sum of $1.50 a month is allowed to the pay of enlisted men in the Navy; provided, nevertheless, that this increase shall not extend to those who lose nothing by the abolition of the allowance of five cents per diem.” The claimant having been on shore duty was not entitled to the spirit ration originally given to enlisted men at sea, nor to the five cents allowed in lieu thereof. Whether a man on shore duty who enlisted on the faith of the President’s order prior to its modification might recover, notwithstanding the subsequent modification, is a question upon which the court expresses no opinion.
As to the second cause of action, the court is of the opinion that the claimant cannot be considered as attached to the “ ordinary of a navy-yard.” By the term “ ordinary of a navy-yard ” the court understands the statute to refer to ships laid, up in ordinary at a navy-yard; and the meaning of the section to be that petty officers, seamen, and ordinary seamen, though not upon a “ sea-going vessel,” may nevertheless be allowed a ration if they are “ actually attached to and doing-duty” on shipboard. The claimant was not doing duty on shipboard, and does not come within the exception of the section.
The judgment of the court is that the petition be dismissed-